STATE OF NORTH CAROLINA v. WILLIAM LEE COOPER

No. 8110SC13

(Filed 2 June 1981)

**Searches and Seizures § 9— warrantless arrest for driving under the influence— search of vehicle improper**

An officer's warrantless search of defendant's truck made after defendant's warrantless arrest for driving under the influence was improper and the trial court should have granted defendant's motion to suppress marijuana found in the truck, since defendant had been arrested and placed in the officer's patrol car before the officer returned to defendant's truck for the purpose of conducting a search for alcoholic beverages; the evidence did not support the trial court's finding that "when he [the officer] went to the pickup truck incidental to the arrest . . . , he smelled an odor of marijuana which appeared to be stronger on the driver's side," as the officer's own testimony indicated that he detected the odor of marijuana when he went to secure the vehicle rather than to arrest defendant; and the officer's testimony thus disclosed that he was engaged in an unlawful search when the odor of marijuana was first detected.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 22 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 30 April 1981.

Defendant was charged under a proper bill of indictment dated 8 July 1980 with felonious possession of marijuana. On 21 July 1980, defendant filed a motion to suppress evidence obtained by a search of a truck defendant was driving on 22 May 1980, on the grounds that the search was conducted without a search warrant, and that none of the warrantless search exceptions were applicable, such that the search was made in violation of the Fourth and Fourteenth Amendments to the United States Constitution. After a hearing, Judge Bailey made pertinent findings which, except where quoted, are summarized as follows:

At 4:00 a.m. on 22 May 1980, Officer G. M. Ray of the Raleigh Police Department, accompanied by another officer, observed a pickup truck driven by defendant driving "at a high rate of speed and erratically." Ray stopped the truck and found that each of the three occupants was under the influence of alcohol. Ray placed defendant in the patrol car, while the other officer maintained control over the other occupants. Ray then returned to the truck "incidental to the arrest as he had a right to do" and he "smelled an odor of marijuana which appeared to be stronger on the driver's side." The door on the driver's side of the truck would not open, so Ray, "in order to make a reasonable search of the vehicle for evidence related to driving under the influence, slid across the front seat" from the passenger side to the driver's side. In sliding across the seat, Ray "noticed a brown paper bag in the door well on the driver's side of the car," and in examining the bag closer, he "noticed a [sic] even stronger odor of marijuana." The bag was in plain view, and the marijuana was "in plain odor."

The truck was "not capable" of being locked, and defendant frequently placed items under the seat to keep others from noticing them. Defendant last saw "this particular bag of marijuana . . . a number of hours prior" to the detention, and the truck had been driven "erratically skidding sideways in the street on at least one occasion in the meantime." No consent was given for the search.

Judge Bailey concluded, among other things, that the officer

went to the pickup truck incidental to the arrest as he had a right to do, . . .

and that

> no consent was needed to search for evidence of driving under the influence since such a search was incidental to the original search . . .

and that

> whether or not the bag was in plain view, which the Court finds it was, the marijuana was in plain odor . . .

and that

> [t]here is no reasonable expectation of privacy in placing a bag under the seat of a vehicle and then driving the vehicle in such a way that is quite likely that the bag will roll out or slide out and be in plain view on the floor of the vehicle. . . .

and denied defendant's motion to suppress. Defendant then pleaded guilty to keeping and maintaining a motor vehicle for the purpose of keeping marijuana. Thereafter, the present case was consolidated with a driving under the influence case for the purposes of judgment and defendant was given a six months sentence, which was suspended, and defendant was ordered to pay a fine of $300. Defendant appealed to this Court in the marijuana case pursuant to G.S. § 15A-979(b).

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Donald H. Solomon for the defendant appellant.*

HEDRICK, Judge.

The order denying defendant's motion to suppress is bottomed on the conclusions that the search of the truck driven by defendant was incident to a lawful arrest for driving under the influence, that the paper bag containing marijuana was in plain view, or "plain odor," and that

> [t]here is no reasonable expectation of privacy in placing a bag under the seat of a vehicle and then driving the vehicle in such a way that is quite likely that the bag will roll out or slide out and be in plain view on the floor of the vehicle.

We agree with the trial judge that if the officer had a right to search the vehicle incident to the arrest for driving under the influence, he had the right to seize and search the paper bag con-

taining marijuana which was in plain view or "plain odor." An officer may make a warrantless search of a motor vehicle when he has probable cause to believe that the vehicle contains contraband, *State v. Greenwood*, --- N.C. ---, 273 S.E. 2d 438 (1981), or an officer may seize contraband falling in the plain view of the officer when the officer has the right to be in a position to have that view, *State v. Mitchell*, 300 N.C. 305, 266 S.E. 2d 605 (1980), and, in our opinion, the plain view doctrine should be extended to include contraband discovered through any of the officer's senses, especially odor.

The problem in the present case is that, in our opinion, the evidence and the findings do not support the conclusion that the officer had the right to search the vehicle incident to a lawful arrest. When an arrest is made, it is reasonable for the arresting officer to search without a warrant the suspect and the area within his immediate control for weapons and evidentiary items which may be concealed or destroyed. *State v. Hunter*, 299 N.C. 29, 261 S.E. 2d 189 (1980), *citing Chimel v. California*, 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034 (1969). The evidence here discloses that defendant had been arrested and placed in the officer's patrol car and the officer returned to the vehicle for the purpose of conducting a search of the vehicle for alcoholic beverages. The evidence clearly does not support the finding that "when he went to the pickup truck incidental to the arrest . . . , he smelled an odor of marijuana which appeared to be stronger on the driver's side." The officer testified:

I went to secure the vehicle and to examine it for any evidence of driving under the influence, for any alcoholic beverage. I went to the truck and opened the passenger's door.

As I open [sic] the door there was a strong odor of marijuana coming from the vehicle. As I secured the vehicle I was searching for the alcoholic beverage. There was a stronger odor on the driver's side of the vehicle.

Q. Where were you when you first detected the odor of marijuana?

A. When I opened the truck door.

I do not recall if the window was open. I did not ask the defendant for consent to go into the truck. . . .

. . .

I do not recall looking through either window when I approached the vehicle. . . . Immediately, after approaching the passenger side of the vehicle, I opened the door.

All during the time I was conducting my search, the defendant was in the rear of my police car.

While we realize that the officer would have the right under some circumstances to get into, secure, and even operate the motor vehicle, such was not the situation depicted by the evidence in the present case. The officer's testimony discloses that he was engaged in an unlawful search when the odor of marijuana was first detected. The evidence in the record simply does not support the critical findings and conclusion, and thus the order denying defendant's motion to suppress must be reversed and the cause remanded to the superior court where defendant will be allowed to withdraw his plea of guilty and enter a plea of not guilty. Since this case was consolidated for the purposes of judgment with the driving under the influence case, the judgment entered on the two cases will be vacated, and defendant will be re-sentenced under the driving under the influence case.

Reversed, vacated, and remanded.

Judges ARNOLD and WEBB concur.