STATE OF NORTH CAROLINA v. RICKY LYNN YATES

No. COA03-151

(Filed 6 January 2004)

1. **Appeal and Error— preservation of issues—failure to object—motion to suppress—motion in limine**

     Although defendant failed to object at trial to the evidence he sought to suppress through a motion in limine, which meant he did not preserve this issue for appeal, the Court of Appeals exercised its discretion under N.C. App. P. R. 2 to hear this issue.

**2. Search and Seizure— warrantless—defendant's pocket— exigent circumstances**

The trial court did not err in a resisting a public officer, possession of heroin, possession of methadone, possession of cocaine, possession of less than 1.5 ounces of marijuana, and possession of drug paraphernalia case by allowing evidence to be admitted at trial that resulted from a deputy's search of defendant's pocket after the deputy smelled a strong odor of marijuana emanating from defendant, because: (1) the odor of marijuana, as detected by a person who is qualified to recognize the odor, is sufficient to establish probable cause to search for a contraband drug; and (2) based on the fact that another officer was otherwise engaged at the time and the fact that narcotics can be easily and quickly hidden or destroyed, especially after defendant received notice of an officer's intent to discover whether defendant was in possession of marijuana, there was sufficient exigent circumstances justifying an immediate warrantless search.

**3. Sentencing— possession of less than 1.5 ounces of marijuana—Class 3 misdemeanor**

Although the judgment finding defendant guilty of possession of less than 1.5 ounces of marijuana correctly referenced N.C.G.S. § 90-95(d)(4), the case is remanded for resentencing because the judgment incorrectly states the offense is a Class 1 misdemeanor as opposed to the Class 3 misdemeanor for which defendant should have been sentenced.

Appeal by defendant from judgment dated 27 August 2002 by Judge David Q. LaBarre in Durham County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Douglas A. Johnston, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

BRYANT, Judge.

Ricky Lynn Yates (defendant) appeals a judgment dated 27 August 2002 (1) entered consistent with a jury verdict finding him guilty of resisting a public officer, possession of heroin (a schedule I controlled substance), possession of methadone (a schedule II controlled substance), possession of cocaine (a schedule II controlled substance), possession of less than 1.5 ounces of marijuana (a schedule

VI controlled substance), and possession of drug paraphernalia, and (2) sentencing him as a habitual felon.

Prior to trial, defendant filed a motion *in limine* arguing for the suppression of evidence obtained by the police during a search of his person. At the suppression hearing, Deputy Raheem Abdul Aleem with the Durham County Sheriff's Department testified that he and Sergeant Derek O'Mary were at a Waffle House on Highway 55 at 2:30 a.m. on 15 September 2001. They were off-duty but dressed in uniform. The officers were standing in the foyer of the Waffle House between the entrance doors and the doors leading into the seating area when they noticed a vehicle pull into the parking lot. Defendant, with whom Deputy Aleem was familiar from seeing him at a substance abuse clinic, and two women exited the vehicle and entered the Waffle House. The women walked into the Waffle House ahead of defendant, passed the officers, and went to the seating area through the second set of doors. Defendant did not open the front door until the second set of doors had closed behind the women. As he passed through the foyer, the officers detected the odor of marijuana. Deputy Aleem was familiar with the scent of marijuana from his participation in approximately 400 to 500 cases while assigned to the narcotics division.

A few minutes later, the two women and defendant exited the Waffle House without having ordered any food. Defendant walked through the foyer first this time, and the officers again noticed the smell of marijuana. After asking defendant if he could speak to him for a minute, Deputy Aleem followed defendant into the parking lot while Sergeant O'Mary started a conversation with the two women. Deputy Aleem told defendant he had smelled marijuana on him. In response, defendant accused Deputy Aleem of harassing him because Deputy Aleem knew "he had a drug problem" and asked if he could call his mother on his cellular telephone. After defendant had placed the telephone call to his mother, Deputy Aleem explained that, due to the odor the officers had noted, he needed to know if defendant had anything in his pockets. Defendant again replied the officer was "harassing him" but then started emptying the contents of his pockets onto the hood of a vehicle, stating: "No, this is all I have." By this time, Sergeant O'Mary had obtained the women's consent to search their vehicle and was in the back seat, pointing to something inside the vehicle. According to Deputy Aleem, defendant "[t]hen . . . went into his side pocket, . . . got in there[,] and pulled his hand out," saying "[n]o, that's all I got." Defendant raised his hands in

STATE v. YATES

[162 N.C. App. 118 (2004)]

the air, whereupon Deputy Aleem searched defendant's waistband and proceeded to defendant's inside pocket. As Deputy Aleem's hand moved toward that inside pocket, defendant grabbed the officer's hand from the outside of his coat, trapping Deputy Aleem's hand in the pocket. Deputy Aleem struggled with defendant to free his hand. During this struggle, small white pills fell out of defendant's pocket and onto the ground. When Deputy Aleem and Sergeant O'Mary, who came over to offer assistance, managed to restrain defendant, they found four bindles of heroin and a $10.00 bill, into which marijuana and a white powder substance had been folded, in defendant's hand. Defendant was subsequently placed under arrest, and the items found in his possession were analyzed and determined to be methadone, heroin, marijuana, and cocaine.

The trial court denied defendant's motion to suppress, finding Deputy Aleem had probable cause to search defendant under *State v. Greenwood*, 301 N.C. 705, 273 S.E.2d 438 (1981). The case proceeded to trial, at which Deputy Aleem testified in conformance with his *voir dire* testimony and the controlled substances and drug paraphernalia from defendant's pocket were introduced into evidence. Defendant made no objection to the admission of this evidence, nor to Deputy Aleem's testimony.

The dispositive issue is whether the trial court erred in allowing evidence to be admitted at trial that resulted from Deputy Aleem's search of defendant. Defendant contends the evidence obtained from Deputy Aleem's search of his pocket should have been suppressed because no probable cause and exigent circumstances justified the warrantless search.

[1] We first note that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845 (1995). Moreover, "[r]ulings on these motions . . . are merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial[,] and thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of evidence.' " *T&T Dev. Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49 (1997) (quoting *Conaway*, 339 N.C. at 521, 453 S.E.2d at 845). Because defendant failed to object at trial to the evidence he sought to suppress through the motion *in limine*, he has not preserved the

issue for appeal. Nevertheless, in the interest of justice, we choose to exercise our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure to hear this issue. *See* N.C.R. App. P. 2.

**[2]** "The governing premise of the Fourth Amendment is that a governmental search and seizure of private property unaccompanied by prior judicial approval in the form of a warrant is *per se* unreasonable unless the search falls within a well-delineated exception to the warrant requirement . . . ." *State v. Cooke*, 306 N.C. 132, 135, 291 S.E.2d 618, 620 (1982). One such exception exists when there are exigent circumstances justifying a warrantless search. *State v. Harper*, 158 N.C. App. 595, 602, 582 S.E.2d 62, 67 (2003) ("warrantless searches are not allowed absent probable cause and exigent circumstances, the existence of which are factual determinations that must be made on a case by case basis"). Probable cause has been defined as " 'a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' " *State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971) (quoting 5 Am. Jur. 2d *Arrests* § 44 (1962)).

Our Supreme Court has held the odor of marijuana to be sufficient to establish probable cause to search for the contraband drug in an automobile. *Greenwood*, 301 N.C. at 708, 273 S.E.2d at 441; *see State v. Corpening*, 109 N.C. App. 586, 589-90, 427 S.E.2d 892, 894-95 (1993); *see also State v. Cooper*, 52 N.C. App. 349, 352, 278 S.E.2d 532, 534 (1981) (extending the plain view doctrine "to include contraband discovered through any of the officer's senses, especially odor"), *rev'd on other grounds*, 304 N.C. 701, 286 S.E.2d 102 (1982). Although no North Carolina court has addressed the issue of a warrantless search of a *person* based solely on smell, we find the case law that has developed in other states instructive on the issue.

In *State v. Moore*, the Ohio Supreme Court held: "[I]f the smell of marijuana [on the defendant], as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause" to obtain a search warrant. *State v. Moore*, 90 Ohio St. 3d 47, 50, 734 N.E.2d 804, 808 (2000). In further analyzing whether exigent circumstances existed to operate as an exception to the warrant requirement, the Ohio Supreme Court noted that exigent circumstances are present when "there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." *Id.* at 52, 734 N.E.2d at 809. The Court then concluded that "[b]ecause marijuana and other narcotics are easily and

quickly hidden or destroyed, a warrantless search may be justified to preserve evidence." *Id.*; *see State v. Vanderveer*, 285 N.J. Super. 475, 667 A.2d 382 (1995) (finding probable cause and exigent circumstances to justify search of a person based solely on the odor of marijuana); *see also State v. Garcia*, 32 Ohio App. 3d 38, 513 N.E.2d 1350 (1986); *State v. Cross*, 23 Or. App. 536, 543 P.2d 48 (1975); *State v. Hernandez*, 706 So.2d 66 (Fla. Dist. Ct. App. 1998) (upholding warrantless searches of persons based on odor).

In this case, Deputy Aleem testified defendant walked by him twice, once going in, the other time out of the Waffle House, emanating a strong odor of marijuana, and each time defendant was alone. Deputy Aleem's testimony also established that he was qualified, based on his work experience, to recognize the odor of marijuana. We conclude, as the Ohio Supreme Court did in *Moore*, that, based on these facts, probable cause existed. The question thus remains whether there were exigent circumstances justifying the warrantless search of defendant. Just prior to Deputy Aleem's search of defendant, Sergeant O'Mary was occupied with a separate search of the women's vehicle and had apparently stumbled onto something at that moment. Sergeant O'Mary testified he found "stems and small pieces of leaves, and maybe a seed or so" in the vehicle.[1] Based on the fact that Sergeant O'Mary was otherwise engaged at the time and the fact, recognized in *Moore*, that narcotics can be easily and quickly hidden or destroyed, especially after defendant received notice of Deputy Aleem's intent to discover whether defendant was in possession of marijuana, we conclude that there were sufficient exigent circumstances justifying an immediate warrantless search. Because the search was constitutionally valid, we do not address defendant's second argument, raised in his brief to this Court, that the charge of resisting a public officer should have been dismissed because defendant was merely resisting an unlawful search of his person.

[3] A review of the record and judgment in this case does reveal an error with the judgment and corresponding sentence. Defendant was indicted, tried, and found guilty of possession of less than 1.5 ounces of marijuana. While the judgment references the correct statute for this offense, N.C.G.S. § 90-95(d)(4), it incorrectly states the offense "POSS MARIJ > 1/2 to 1 1/2 OZ," a Class 1 misdemeanor as opposed to the Class 3 misdemeanor for which defendant should have been sentenced. We thus remand this case for resentencing.

---

1. These items were subsequently examined and identified as less than 0.1 grams of marijuana.

Trial—No error.

Judgment—Vacated and remanded in part.

Judges McCULLOUGH and TYSON concur.