STATE OF NORTH CAROLINA v. MICHAEL ANTHONY MILLER

No. COA08-1530

(Filed 7 July 2009)

**Search and Seizure— refusal to open fist—evasive answers, threatening gesture—reasonable suspicion to search for weapons**

There was no plain error in denying defendant's motion to suppress evidence in a prosecution for felonious possession of cocaine and resisting a public officer where defendant was stopped for a broken headlight; the officer saw that there was something in defendant's closed right fist; defendant was evasive and gave erratic answers, and would not show the officer the contents of his fist; defendant raised his fist in a manner which led the officer to believe he was about to be struck; the officer tased defendant; and defendant dropped a paper towel containing a rock of crack cocaine. The officer had reasonable suspicion to search defendant for weapons based upon the totality of the circumstances informed by his training and experience.

Appeal by defendant from judgments entered 17 July 2008 by Judge James U. Downs in Rutherford County Superior Court. Heard in the Court of Appeals 20 May 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John R. Green, Jr., for the State.*

*Faith S. Bushnaq, for defendant-appellant.*

JACKSON, Judge.

Michael Anthony Miller ("defendant") appeals from a 17 July 2008 judgment against him for felony possession of cocaine and resisting a public officer. Defendant received credit for the entirety of his activated sentence from the 282 days served between arrest and trial. In addition, defendant received twenty-four months of supervised probation. For the reasons stated below, we hold no error.

STATE v. MILLER

[198 N.C. App. 196 (2009)]

On 9 October 2007, at approximately midnight, Officer Donald Ruppe ("Officer Ruppe"), observed a passing automobile with a broken headlight while on patrol. Officer Ruppe then "ran" the vehicle's tag and stopped defendant. He approached the vehicle on the passenger side and stated to defendant that his headlight was out. As he spoke to defendant, Officer Ruppe noticed that defendant's right hand was clenched into a fist. At that point, however, Officer Ruppe was unconcerned with it and took no action. Defendant responded to Officer Ruppe's assertion by stating that he did not believe that his headlight was broken. Officer Ruppe then requested that defendant get out of the vehicle and see for himself.

During defendant's inspection of the headlight, Officer Ruppe noticed that defendant still was clenching his hand into a fist and that a white material was protruding from the bottom of it. Concerned that defendant's hand contained a weapon or narcotics, Officer Ruppe asked him to display the contents of his right hand. Defendant responded (1) by stating that he had nothing in his right hand, and (2) by showing Officer Ruppe the various documents he had in his left hand. Officer Ruppe then commanded defendant to show the contents of his right hand. After this second command, defendant began to back away from Officer Ruppe. Defendant then raised his right hand in a manner that made Officer Ruppe believe that defendant was about to strike him with his closed fist. Officer Ruppe responded by striking the defendant in the upper left thigh with his flashlight.

Following Officer Ruppe's initial strike, Corporal Hunter, arrived on the scene to assist Officer Ruppe. Officer Ruppe then aimed his taser at defendant. Defendant ignored Officer Ruppe's continued requests for him to remain still and submit to arrest, so Officer Ruppe tased defendant. Defendant fell to the ground and dropped the contents of his right hand—a white paper towel containing what Officer Ruppe believed to be a rock of crack cocaine. Subsequent chemical analysis proved that the object which fell was .2 grams of crack cocaine.

On appeal, defendant contends that the trial court committed plain error when it denied defendant's motion to suppress evidence because the evidence purportedly was obtained without reasonable suspicion. We disagree.

Traditionally, our review of a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence . . . and whether those fac-

tual findings in turn support the judge's ultimate conclusions of law." *State v. Robinson*, 189 N.C. App. 454, 458, 658 S.E.2d 501, 504 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)). "If the trial court's conclusions of law are supported by its factual findings, we will not disturb those conclusions on appeal." *State v. Pickard*, 178 N.C. App. 330, 333-34, 631 S.E.2d 203, 206, *appeal dismissed and disc. rev. denied*, 361 N.C. 177, 640 S.E.2d 59 (2006). Further, we review the trial court's conclusions of law *de novo. See State v. Stone*, 179 N.C. App. 297, 302, 634 S.E.2d 244, 247 (2006).

Here, the State correctly notes that defendant failed to object properly to the admission of the narcotics evidence at trial. Accordingly, defendant did not preserve the issue for appellate review pursuant to North Carolina Rules of Appellate Procedure, Rule 10(b)(1) which provides that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2007). Notwithstanding defendant's failure to object, defendant properly assigned plain error on appeal and presented argument, albeit limited, in support of plain error review in his reply brief. Accordingly, defendant is afforded plain error review pursuant to North Carolina Rules of Appellate Procedure, Rule 10(c)(4), which provides that,

> [i]n criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.

N.C. R. App. P. 10(c)(4) (2007).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the

instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)) (footnotes omitted) (emphasis in original). Moreover, "[a] reversal for plain error is only appropriate in the most exceptional cases." *State v. Duke*, 360 N.C. 110, 138, 623 S.E.2d 11, 29 (2005).

We previously have held that, "[a] police officer may effect a brief investigatory seizure of an individual where the officer has reasonable, articulable suspicion that a crime may be underway." *State v. Barnard*, 184 N.C. App. 25, 29, 645 S.E.2d 780, 783 (2007). These facts and the inferences drawn therefrom must be "viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). Additionally, the facts, as viewed by the officer, must be examined in their totality. *See United States v. Arvizu*, 534 U.S. 266, 273, 151 L. Ed. 2d 740, 749-50 (2002).

The Supreme Court has held that police officers are "authorized to take such steps as [are] reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop." *State v. Campbell*, 188 N.C. App. 701, 709, 656 S.E.2d 721, 727 (2008) (citing *United States v. Hensley*, 469 U.S. 221, 235, 83 L. Ed. 2d 604, 616 (1985)). Specifically, an officer may "frisk" a suspect who is at close range if he believes that the suspect is currently armed and dangerous. *See Terry v. Ohio*, 392 U.S. 1, 24, 20 L. Ed. 2d 889, 908 (1968). Further, although nervous behavior, standing alone, is not sufficient to establish reasonable suspicion, its presence with other facts may be used to establish reasonable suspicion. *See State v. Myles*, 188 N.C. App. 42, 50, 654 S.E.2d 752, 757-58 (2008). In addition, we have held that evasive actions taken by the defendant may be relevant when examining whether reasonable suspicion was present at the time of a stop. *See State v. Watson*, 119 N.C. App. 395, 398, 458 S.E.2d 519, 522 (1995) (noting that a suspect who attempts to hide narcotics by making "evasive maneuvers to avoid detection" uses evasive actions).

Here, Officer Ruppe stated that he believed defendant may have been hiding a weapon. Although he only saw defendant clenching a small piece of white material, Officer Ruppe was aware that small weapons could be concealed within a hand. As he testified at trial, "[w]e are always getting updates on possible weapons . . . . There's

always something that would fit in a hand[.]" Officer Ruppe used his prior experience and training to infer that the contents of defendant's right hand may have been a weapon. His inference that a weapon was present went beyond an "unparticularized suspicion or hunch[,]" as our Supreme Court has required. *Watkins,* 337 N.C. at 442, 446 S.E.2d at 70. Because we previously have held that officers may take necessary steps to ensure their safety, Officer Ruppe acted reasonably when he requested to see what was in defendant's hand.

Moreover, Officer Ruppe was led to a reasonable suspicion because of defendant's (1) erratic answers, (2) evasive actions, (3) continued refusal to show Officer Ruppe the contents of his right fist, and (4) choice to raise his fist in a manner which led Officer Ruppe to believe that defendant was about to strike him.

First, defendant stated multiple times that he only had papers in his left hand. Defendant went on to tell Officer Ruppe, "I ain't got nothing in my right hand[,]" despite Officer Ruppe's clear view of the white material clenched in defendant's right hand. Second, Officer Ruppe commanded that defendant not "take another step to [defendant's] vehicle." At that point, defendant once again attempted to evade Officer Ruppe by stepping towards his vehicle. It was only at that point that Officer Ruppe decided to tase defendant. Third, Officer Ruppe believed that defendant's conflicting statements about the contents of his hands were meant to distract him while defendant tried to "hide [defendant's right hand] behind his back a little bit." Officer Ruppe commanded that defendant show the contents of his right hand several times. Each time, defendant refused to open his hands, and, as such, Officer Ruppe was unable to ensure his own safety by searching defendant for weapons. Finally, while Officer Ruppe was commanding defendant to show the contents of his hand, defendant backed away while raising his hand in a manner which made Officer Ruppe believe that "he was going to hit me or try to throw the dope away." Due to defendant's (1) erratic answers, (2) evasive actions, (3) continued refusal to show Officer Ruppe the contents of his right fist, and (4) choice to raise his fist in a manner which led Officer Ruppe to believe that defendant was about to strike him, we hold that the officer had reasonable suspicion to briefly search the defendant for weapons based upon the totality of the circumstances informed by his training and experience.

Upon review, the case *sub judice* does not present the "exceptional" circumstance contemplated by our Supreme Court in *Duke*

and *Odom*. Accordingly, we hold that the trial court did not commit plain error.

No error.

Judges McGEE and ERVIN concur.