STATE OF NORTH CAROLINA v. SHAWN DUPREE CORPENING

No. COA09-48

(Filed 6 October 2009)

**1. Search and Seizure— motion to suppress evidence of drugs—voluntary stop prior to checkpoint**

The trial court did not err in a prosecution for possession with intent to manufacture, sell, and deliver a Schedule II controlled substance by denying defendant's motion to suppress evi-

dence obtained as a result of an allegedly unconstitutional search and seizure. Defendant's argument that a checkpoint was unconstitutional was inapplicable since he stopped solely of his own volition rather than pursuant to any form of State action; the officer legitimately approached defendant's vehicle and detected the plain smell of marijuana, which provided sufficient probable cause to support a search and defendant's subsequent arrest.

**2. Trials— orders—handwritten**

Trial courts should prepare a typewritten, as opposed to handwritten, order, or alternatively, direct counsel to prepare a typewritten order on the trial court's behalf.

Appeal by defendant from judgments entered 9 January 2008 by Judge Laura J. Bridges in Buncombe County Superior Court. Heard in the Court of Appeals 19 August 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David N. Kirkman, for the State.*

*Eric A. Bach, for defendant-appellant.*

JACKSON, Judge.

Shawn Dupree Corpening ("defendant") appeals from judgment and commitment orders sentencing him to a term of 116 to 149 months imprisonment. For the reasons set forth below, we hold no error.

In November 2006, Officer Josh Biddix ("Officer Biddix") of the Asheville Police Department ("Police Department"), along with other officers from nearby municipalities as well as Buncombe County, worked a second job with the Asheville Housing Authority ("Housing Authority"). Officer Biddix's duties for the Housing Authority included responding to calls and performing general law enforcement activities on various Housing Authority properties. Officer Biddix and the other officers regularly conducted license and registration checkpoints at the entrances to Housing Authority properties pursuant to procedures established by the Police Department.

On 8 November 2006, Officer Biddix was assisting with a checkpoint at entrances to the Pisgah View apartments, a Housing Authority property. At approximately 8:35 p.m. on 8 November 2006, Officer Biddix and other officers operating the checkpoint observed a white Toyota Avalon, driven by defendant, approach the check-

STATE v. CORPENING

[200 N.C. App. 311 (2009)]

point, pull over, and park on the left side of the road, approximately 100 to 200 feet prior to reaching the checkpoint. Defendant parked in front of a house before entering the Housing Authority's property, and he sat alone in the car for approximately thirty to forty-five seconds. During this time, defendant did not do anything inside the car, defendant did not exit the car, and no one approached the car.

Officer Biddix "recognized this as strange" and approached defendant's vehicle, and, when he did, he smelled the odor of marijuana coming from the vehicle. Officer Biddix then instructed defendant to exit the vehicle and Officer Biddix conducted a pat-down search of defendant's person. Officer Biddix found approximately $600.00 in cash on defendant's person. Officer Biddix then searched the center console of the vehicle and found several "baggies" with white residue on them. Sergeant Michael Dykes ("Sergeant Dykes") of the Woodfin Police Department also was assisting with the checkpoint that night, and he found a camouflage jacket in the front passenger seat of the vehicle. Inside the pocket of the jacket, Sergeant Dykes found a bag of what he believed to be crack cocaine.

Upon discovering that defendant's license had been revoked, defendant was cited for driving while his license was revoked and possession of drug paraphernalia. Defendant later was indicted for possession with intent to sell or deliver a Schedule II controlled substance. On 7 January 2008, defendant filed a motion to suppress which the trial court subsequently denied. On 9 January 2008, a jury found defendant guilty of possession with intent to manufacture, sell and deliver a Schedule II controlled substance and guilty of obtaining the status of an habitual felon. Upon the jury's verdict, the trial court entered a judgment and commitment sentencing defendant within the presumptive range for a prior record level III habitual felon to 116 to 149 months imprisonment for possession with intent to manufacture, sell and deliver a Schedule II controlled substance. Defendant appeals.

[1] On appeal, defendant contends that the trial court erred by denying his motion to suppress evidence obtained as a result of an unconstitutional search and seizure effected, in part, by an unconstitutional checkpoint. We disagree.

As a preliminary matter, we hold that defendant's argument that the checkpoint was unconstitutional is inapplicable in the case *sub judice*. In an uncontested finding of fact, the trial court found

[t]hat at about 8:35 pm the officers noticed a white Toyota Avalon pull to the side of the curb about 100 [to] 200 feet from the checkpoint and stop. The driver, [defendant], did not exit the vehicle nor did anyone in any of the residences walk out to the vehicle.

" 'Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.' " *State v. Taylor*, 178 N.C. App. 395, 401, 632 S.E.2d 218, 223 (2006) (quoting *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)). Because defendant stopped solely of his own volition, rather than pursuant to any form of State action, and because defendant parked 100 to 200 feet prior to the checkpoint, we need not address (1) whether the checkpoint was valid, or (2) engage in an analysis concerning a "traffic stop." *See, e.g.*, *State v. Styles*, 362 N.C. 412, 665 S.E.2d 438 (2008); *State v. Hughes*, 353 N.C. 200, 539 S.E.2d 625 (2000); *State v. Miller*, 198 N.C. App. 196, 678 S.E.2d 802 (2009).

Accordingly, we inquire only whether the officers legitimately approached defendant's vehicle, which was parked beside the curb on a public street, and whether the officers developed the probable cause necessary to effectuate a constitutionally permissible search and seizure of defendant's person or property. *See* U.S. Const. amend. IV; N.C. Const. art. I, § 20; *State v. Rivens*, 198 N.C. App. 130, 134, 679 S.E.2d 145, 149 (2009) (citing *State v. Rigsbee*, 285 N.C. 708, 713, 208 S.E.2d 656, 660 (1974) and *State v. Yates*, 162 N.C. App. 118, 589 S.E.2d 902 (2004)).

As we previously have explained,

[i]t is well established that law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification. The person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way.

*State v. Johnston*, 115 N.C. App. 711, 714, 446 S.E.2d 135, 137-38 (1994) (quoting *Florida v. Royer*, 460 U.S. 491, 497-98, 75 L. Ed. 2d

229, 236 (1983) (plurality opinion) (citations omitted)). Further-more, " 'a seizure does not occur simply because a police officer approaches an individual and asks a few questions.' " *Id.* (quoting *Florida v. Bostick*, 501 U.S. 429, 434, 115 L. Ed. 2d 389, 398 (1991)). " 'Communications between police and citizens involving no coercion or detention are outside the scope of the fourth amend-ment.' " *Id.* (quoting *State v. Thomas*, 81 N.C. App. 200, 205, 343 S.E.2d 588, 591, *disc. rev. denied*, 318 N.C. 287, 347 S.E.2d 469 (1986) (citation omitted)).

In the case *sub judice*, Officer Biddix approached defendant, who was sitting without any activity for approximately thirty to forty-five seconds in a vehicle parked on a public road. After lawfully approach-ing defendant's vehicle, the officer smelled marijuana. *See id.*; *State v. Yates*, 162 N.C. App. 118, 121-23, 589 S.E.2d 902, 903-05 (2004) (explaining the "plain smell" exception to the Fourth Amendment by analogy to the well-established "plain view" exception and holding no error in the trial court's denial of defendant's motion to suppress in view of the exigent circumstances and plain smell exceptions). We hold that the officer legitimately approached defendant's vehicle and detected the "plain smell" of marijuana as set forth in *Yates*. *See Johnston*, 115 N.C. App. at 714, 446 S.E.2d at 137-38; *Yates*, 162 N.C. App. at 122-23, 589 S.E.2d at 904-05. The "plain smell" of marijuana by the officer provided sufficient probable cause to support a search and defendant's subsequent arrest. *See id.*

[2] As a side note, we would caution the trial court against the entry of handwritten orders. The order included in the record from which defendant appealed is a photocopy of a four-page handwritten order with additional handwriting along the margins. We ask that our attor-neys subscribe to a certain degree of formality in practicing in the courts of this State, submitting typewritten documents, adhering to specific margins, etc. *See, e.g.*, N.C. R. App. P. 26(g), 28(b), 28(j) (set-ting forth type and margin requirements for briefs filed with this Court); Buncombe County Local Rules, Rule 11.12 (adopting brief requirements set forth in the North Carolina Rules of Appellate Procedure when Buncombe County Superior Court sits as an appel-late court in an administrative appeal). As judges, we should expect no less of ourselves. Accordingly, we previously have explained that trial courts should prepare a typewritten order, or alternatively, direct counsel to prepare a typewritten order on their behalf. *See Heatzig v. MacLean*, —— N.C. App. ——, ——, 664 S.E.2d 347, 354-55, *disc. rev. denied and appeal dismissed*, 362 N.C. 681, 670 S.E.2d 564 (2008)

**IN RE FORECLOSURE OF BARBOT**

[200 N.C. App. 316 (2009)]

(instructing that the trial court should have directed the revision of a typewritten order to counsel rather than entering an order with hand-written modifications).

For the foregoing reasons, we hold no error in the trial court's denial of defendant's motion to suppress evidence obtained pursuant to a constitutionally permissible search and seizure.

No error.

Judges McGEE and ERVIN concur.