NO. COA14-162

NORTH CAROLINA COURT OF APPEALS

Filed:  2 September 2014

STATE OF NORTH CAROLINA

   v.

THOMAS ARMSTRONG

Gaston County
Nos. 12 CRS 52075-78


Appeal by the State from order entered 4 December 2013 by Judge Jesse B. Caldwell, III, in Gaston County Superior Court. Heard in the Court of Appeals 4 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellee.*

CALABRIA, Judge.

The State appeals, pursuant to N.C. Gen. Stat. § 15A-979 and § 15A-1445(b), an order granting Thomas Armstrong's ("defendant") motion to suppress evidence seized by virtue of a search without a search warrant.  We reverse and remand.

About 1:45 a.m. on 13 February 2012, Officers Jonathan Scher ("Officer Scher") and Bryce Carr ("Officer Carr") (collectively "the officers") of the Gastonia Police Department observed a black Chevrolet Impala ("the Impala") execute a

three-point turn in the middle of an intersection, strike a parked vehicle, and continue traveling on the left side of the road. The officers activated their blue lights to initiate a traffic stop. Before the driver stopped the Impala, the officers observed a brown beer bottle thrown from the driver's side window.

The officers approached the Impala. Defendant, the driver, and his passenger complied with the officers' order to exit the Impala. When the officers checked the vacant Impala, they detected an odor of alcohol and marijuana emanating from inside the Impala and discovered a partially consumed bottle of beer was located in the center console. Officer Carr also detected an odor of alcohol on defendant's breath, and observed defendant's eyes, which he described as "red, glassy bloodshot eyes."

Defendant was arrested for hit and run and possession of an open container of an alcoholic beverage. Both defendant and his passenger were restrained in handcuffs and secured in the back of the officers' patrol vehicle. Officer Carr then retrieved the beer bottle that had been thrown from the Impala while Officer Scher searched the vehicle. Officer Scher found the beer bottle in the center console and a grocery bag with three

unopened beers on the floorboard of the passenger area. He also found a "plastic baggie containing several white rocks" in the glove compartment of the Impala.

Defendant was subsequently charged with felony possession of cocaine, hit and run with failure to stop when property damage occurred, reckless driving to endanger, driving while license revoked, possession of an open container of an alcoholic beverage in the passenger area of a vehicle while consuming alcohol, and drinking beer while driving. On 7 November 2013, defendant filed a pretrial motion to suppress all the evidence that was obtained as the fruit of an illegal search of defendant's vehicle. After a hearing, the trial court entered an order on 4 December 2013 granting defendant's motion to suppress. The State appeals.

The State argues the trial court erred by granting defendant's motion to suppress. Specifically, the State contends the search of defendant's vehicle was based upon probable cause, therefore the trial court mistakenly concluded that the extensive search went beyond a valid and lawful search incident to arrest, and "is distinguishable from other cases where the vehicles are stopped lawfully but no one is placed under arrest such that the vehicle is not secured, and also from

cases in which law enforcement actually observed the occupants of the vehicle engaging in drug transactions and subsequently secured the vehicle." We agree with the State.

The standard of review regarding a trial court's decision with respect to a motion to suppress "is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *State v. Biber*, 365 N.C. 162, 167-68, 712 S.E.2d 874, 878 (2011). "[T]he trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Allen*, 197 N.C. App. 208, 210, 676 S.E.2d 519, 521 (2009) (citation omitted). Findings not challenged on appeal are deemed supported by competent evidence and are binding on appeal. *Biber*, 365 N.C. at 168, 712 S.E.2d at 878. "Conclusions of law are reviewed de novo[.]" *Id*.

Since the State does not challenge the trial court's findings, they are binding on appeal. *Id*. Rather, the State contends that the trial court erred in its conclusion of law that the officers' extensive search of the Impala went beyond a valid and lawful search incident to arrest because a search warrant was required to execute a lawful search of the interior portion of the Impala without violating defendant's Fourth

Amendment rights. Therefore, the issue for our determination is whether the officers had probable cause to justify the warrantless search.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. Amend. IV. Generally, a warrant is required for every search and seizure, with particular exceptions. *State v. Trull*, 153 N.C. App. 630, 638-39, 571 S.E.2d 592, 598 (2002). Two specific exceptions include a search incident to a lawful arrest and the "automobile exception." The United States Supreme Court has held that law enforcement may search a vehicle incident to a suspect's arrest "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 343, 173 L. Ed. 2d 485, 496 (2009) (citation and internal quotations omitted). "[W]hen investigators have a reasonable and articulable basis to believe that evidence of the offense of arrest might be found in a suspect's vehicle after the occupants have been removed and secured, the investigators are permitted to conduct a search of that vehicle." *State v. Mbacke*, 365 N.C. 403, 409-10, 721 S.E.2d 218, 222 (2012).

"It is a well-established rule that a search warrant is not required before a lawful search based on probable cause of a motor vehicle in a public roadway or in a public vehicular area may take place." *State v. Downing*, 169 N.C. App. 790, 795, 613 S.E.2d 35, 39 (2005) (citing *United States v. Ross*, 456 U.S. 798, 809, 72 L. Ed. 2d 572, 583-84 (1982)); *see also State v. Isleib*, 319 N.C. 634, 638-39, 356 S.E.2d 573, 576-77 (1987) (discussing the automobile exception to the warrant requirement). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *State v. Mitchell*, ___ N.C. App. ___, ___, 735 S.E.2d 438, 441 (2012), *appeal dismissed, disc. review denied*, ___ N.C. ___, 740 S.E.2d 466 (2013). "Probable cause exists where the facts and circumstances within their [the officers'] knowledge and of which they had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Downing*, 169 N.C. App. at 795, 613 S.E.2d at 39 (citations and internal quotations omitted) (alterations in original). "[T]he mere odor of marijuana or presence of clearly identified paraphernalia constitutes probable cause to search a

vehicle." *Mitchell*, ___ N.C. App. at ___, 735 S.E.2d at 442; *see State v. Greenwood*, 301 N.C. 705, 708, 273 S.E.2d 438, 441 (1981) (odor of marijuana "gave the officer probable cause to search . . . for the contraband drug."); *see also State v. Corpening*, 200 N.C. App. 311, 315, 683 S.E.2d 457, 460 (2009) ("The 'plain smell' of marijuana by the officer provided sufficient probable cause to support a search and defendant's subsequent arrest.").

In the instant case, the trial court found that defendant and his passenger were restrained with handcuffs and secured inside the officers' patrol vehicle before the officers searched the Impala, and that the officers did not see any contraband in plain view before the search. The trial court was correct in concluding that since defendant was restrained in handcuffs and secured in the officers' patrol vehicle before Officer Scher began searching the Impala, *Gant* did not permit a search of the Impala because defendant was neither unsecured nor within reaching distance of the passenger compartment of the vehicle at the time of the search.

However, *Gant* also recognized that there are other exceptions to the warrant requirement that would permit a vehicle search, including the automobile exception. *Gant*, 556

U.S. at 346-47, 173 L. Ed. 2d at 498 ("If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross* . . . authorizes a search of any area of the vehicle in which the evidence might be found."). The officers testified, and the trial court found, that the officers detected the odor of both alcohol and burning marijuana emanating from within the passenger compartment of the Impala. At the hearing, Officer Carr testified that he could "smell a strong odor of marijuana coming from inside the vehicle." Officer Scher testified that after detecting the odor of alcohol and marijuana in the Impala and placing defendant and his passenger in the back of the patrol vehicle, he "proceeded to conduct a probable cause search of the [Impala]." Since the officers had probable cause to search the Impala based upon the odor of marijuana, the officers could lawfully search every part of the Impala where marijuana might reasonably be found, including the glove compartment. *Mitchell*, ___ N.C. App. at ___, 735 S.E.2d at 441.

The trial court misinterpreted *Gant* as requiring the officers to obtain a search warrant in order to execute a lawful search of the interior portion of the vehicle. However, the officers had probable cause to search the Impala based upon the

odor of marijuana emanating from the vehicle, after defendant was restrained in handcuffs and secured in the officers' patrol vehicle, that justified the search of every part of the vehicle and its contents. *See Mitchell*, ___ N.C. App. at ___, 735 S.E.2d at 441. Therefore, the trial court was mistaken because it failed to take into account the officers' probable cause to search for contraband. We reverse the trial court's order granting defendant's motion to suppress and remand to the trial court.

Reversed and remanded.

Judges BRYANT and GEER concur.