360 S.E.2d at 799. It was the jury's role to sift through the evidence, evaluate the demeanor and credibility of the witnesses, and determine whether plaintiff met his burden of persuasion by producing clear and convincing evidence in support of his claim for punitive damages. The jury did so and found in favor of plaintiff. The majority's decision usurps the jury's role and imposes its own view of the evidence, contrary to well-established case law. I respectfully dissent.

Justice HUDSON joins in this dissenting opinion.

═══════════

STATE OF NORTH CAROLINA v. KELCIE LEE ANDREW MORTON

No. 347A09

(Filed 11 December 2009)

**Search and Seizure— frisk of defendant for weapons—reasonable suspicion**

The decision of the Court of Appeals that the trial court erred by denying defendant's motion to suppress scales and cocaine seized during a search of defendant's person is reversed for the reason stated in the Court of Appeals dissenting opinion that, under the totality of the circumstances, officers had reasonable suspicion to frisk defendant for a weapon based upon a confidential informant's tip that defendant was involved in a recent drive-by shooting, the fact defendant was wearing gang colors, and information received from other informants and anonymous tipsters that defendant was selling drugs in the area.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 198 N.C. App. ——, 679 S.E.2d 437 (2009), vacating judgments entered 25 April 2008 by Judge W. Osmond Smith, III in Superior Court, Person County. Heard in the Supreme Court 18 November 2009.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State-appellant.*

*Mercedes O. Chut for defendant-appellee.*

**HELMS v. LANDRY**

[363 N.C. 738 (2009)]

PER CURIAM.

For the reasons stated in Section I of the dissenting opinion, the decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for consideration of the remaining issues.

REVERSED AND REMANDED.

———

BRYAN TATE HELMS v. ANGELIQUE LANDRY

No. 55A09

(Filed 11 December 2009)

**Paternity—motion for paternity test—prior order establishing paternity—absence of appeal or Rule 60(b) motion**

A decision of the Court of Appeals that the mother of a child born out of wedlock was entitled to a paternity test after custody was changed from the mother to the purported biological father was reversed for the reasons stated in the dissenting Court of Appeals opinion that the father's paternity was established in a prior court order and the mother failed to appeal that order in a timely manner and failed to seek relief from that order pursuant to Rule of Civil Procedure 60(b).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 194 N.C. App. ——, 671 S.E.2d 347 (2009), reversing an order entered 13 September 2007 by Judge Christy T. Mann in District Court, Mecklenburg County, and remanding for further proceedings. Heard in the Supreme Court on 17 November 2009.

*Thurman, Wilson & Boutwell, PA., by John D. Boutwell, for plaintiff-appellee/appellant.*

*Angelique Landry, pro se, defendant-appellant/appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.