STATE OF NORTH CAROLINA v. KELCIE LEE ANDREW MORTON

No. COA08-1020-2

(Filed 15 June 2010)

### 1. Search and Seizure— digital scale seized from pocket—reasonable and justified

The facts plus an informant's tip were sufficient to support the trial court's conclusion that an officer was reasonable and justified in seizing a digital scale from defendant.

### 2. Search and Seizure— digital scale—further warrantless search

The facts supported the trial court's conclusions, the conclusions on probable cause were not inconsistent, and the trial court did not err by concluding that the discovery of a digital scale created grounds for a further search of defendant without a warrant.

### 3. Search and Seizure— findings—reasonable suspicion to search—scope of stop

Challenged findings concerning reasonable suspicion to search defendant and whether informants were reliable were settled in an earlier appeal, and the question of whether the officer exceeded the scope of the stop was settled above.

Appeal by defendant from judgment entered 25 April 2008 by Judge W. Osmond Smith, III, in Person County Superior Court. Heard in the Court of Appeals 25 February 2009. Opinion filed 21 July 2009. This case was appealed to the Supreme Court of North Carolina pursuant to N.C. Gen. Stat. § 7A-30(2), and a *per curiam* decision was rendered reversing the decision and remanding to the Court of Appeals for consideration of the remaining issues.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert T. Hargett, for the State.*

*Mercedes O. Chut for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

## BACKGROUND

On 21 July 2009, this Court held in *State v. Morton*, —— N.C. App. ——, 679 S.E.2d 437 (2009) [*Morton I*] that the trial court erred in denying defendant's motion to suppress on the ground that the officer lacked reasonable suspicion to frisk defendant. In *State v. Morton*, 363 N.C. 737, 686 S.E.2d 510 (2009), the North Carolina Supreme Court reversed the decision of this Court on the basis of section (I) of the dissenting opinion from this Court. In section (I) of the dissent, Judge Robert C. Hunter stated: (1) the officers had reasonable suspicion to frisk defendant for weapons based on the totality of the circumstances, and (2) the confidential informants relied upon by the officers were sufficiently reliable to support a finding of reasonable suspicion. This case appears before this Court on remand for the purpose of deciding the remaining issues not addressed in *Morton I*.

Because a full factual background is outlined in *Morton I*, a reiteration of these facts is unnecessary. Facts from this case will instead be recounted as needed. In light of the instructions from the Supreme Court, we note that the officers had reasonable suspicion to frisk defendant for the reasons set out in section (I) of the dissent in *Morton I*, and we now consider: (1) whether the officers impermissibly exceeded the scope of the pat-down by removing a digital scale from defendant's pocket; (2) whether the officers had probable cause based on the removal of the digital scale to continue searching defendant; and (3) whether findings of fact 8, 10 and 14 are supported by competent evidence.

## ANALYSIS

### A. Removal of the Scale

[1] Defendant argues that the officers exceeded the scope of their search for weapons by confiscating a digital scale from defendant's front pocket. We disagree.

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified[.]

*Minnesota v. Dickerson*, 508 U.S. 366, 375-76, 124 L. Ed. 2d 334, 346 (1993). Contraband includes a weighing scale where the scale is being used "to facilitate, or intended or designed to facilitate, violations of the Controlled Substances Act[.]" N.C. Gen. Stat. § 90-113.21 (2009).

Here, Officer Hughes testified that he knew the object in defendant's pocket was a digital scale based on his pat-down without manipulation of the object. Officer Hughes testified that individuals will often carry such scales in order to weigh controlled substances prior to distribution. When Officer Hughes asked defendant if a scale was in his pocket, defendant confirmed Officer Hughes' suspicion. These facts in conjunction with the informant tips that defendant was engaging in the sale of illegal drugs are sufficient to support the trial court's conclusion that "Officer Hughes was reasonable and justified in seizing" the digital scale from defendant. These assignments of error are overruled.

### B. Probable Cause

[2] Defendant argues that the trial court's conclusions of law on probable cause are inconsistent and that the trial court erred in concluding that the discovery of the digital scale created grounds for a further search of defendant without a warrant. We disagree.

In its order, the trial court concluded as a matter of law:

3. Upon retrieving such item and confirming same to be digital pocket scales, with all the information and the totality of the circumstances in mind, Detective Hughes and Detective Massey had probable cause to believe that a search of the defendant would lead to discovery of evidence of a crime involving controlled substances; that is, the totality of the circumstances gives rise to a conclusion as to the fair probability of discovery of such evidence involving controlled substances.

4. At the time and place aforesaid, exigent circumstances existed to justify the warrantless search of the defendant based upon the probable cause as set forth above. It would have been unreasonable and impracticable to detain/delay the defendant while seeking a search warrant.

5. Though, upon the arrest of the defendant for possession of drug paraphernalia, the officers determined that the subsequent search of the defendant was incident to an arrest, it does not appear to this Court that the officers had probable cause to arrest the defendant only upon the discovery of the scales.

6. However, the officers had reasonable and justified suspicion to speak with the defendant and justification for a "Terry" frisk for weapons. Upon the discovery of the scales and with all of the other circumstances and information, the officers had probable cause under exigent circumstances to search the defendant for the presence of evidence of crime involving controlled substances.

Contrary to defendant's characterization of the trial court's order, there is no inconsistency present in these conclusions. Here, the trial court stated explicitly that the discovery of the digital scale, along with the other attendant circumstances, supported the warrantless search of defendant—not the mere presence of the digital scale in defendant's pocket. The trial court's statement in Conclusion of Law 5 that the scale alone would not have been sufficient is a mere observation for the sake of clarity and does not serve to create an inconsistency.

As to defendant's further argument that there were not sufficient facts supporting a conclusion of probable cause, we have already discussed why Officer Hughes was justified in concluding that the digital scale was contraband under N.C.G.S. § 90-113.21 as a result of the informant tips that defendant was selling drugs. In addition to the informant tips, however, Officer Hughes also considered: (1) that defendant was coming from the area in which the informants claimed he was selling drugs, and (2) that defendant was acting in a nervous manner. These additional facts in conjunction with the digital scale and informant tips clearly support the conclusion that the officers had probable cause to search defendant.

Defendant makes no argument in his brief challenging the trial court's conclusion that exigent circumstances were present, and therefore we conclude that the officers here conducted a lawful warrantless search of defendant. *See State v. Yates*, 162 N.C. App. 118, 589 S.E.2d 902 (2004) (warrantless search upheld where officer had probable cause to believe that defendant possessed drugs and that exigent circumstances were present). These assignments of error are overruled.

### C. Findings of Fact

[3] Defendant claims that the trial court erred in making findings of fact 8, 10 and 14. We disagree.

The findings challenged by defendant are as follows:

**STATE v. MORTON**

[204 N.C. App. 578 (2010)]

8. Prior to that time, Detective Hughes and Detective Massey had received information from confidential and reliable informants and concerned citizens in the area that the officers deemed reliable and tending to indicate that the defendant had been involved in a recent drive-by shooting on Burch Avenue in Roxboro and further tending to indicate that the defendant had been dealing in illegal drugs in the area.

. . . .

10. For his safety and that of his fellow officer, Detective Hughes conducted a pat down of the defendant as a frisk for weapons. Detective Hughes, in executing the frisk, detected nothing about the waistband of the defendant, felt something in the front pockets of the defendant, and in the back pants pocket of the defendant, Detective Hughes felt a hard rectangular-shaped object about 4-5 inches long and 3-4 inches wide. With the prior information received as to the defendant's past involvement in selling of narcotics and in frequenting that area, Detective Hughes immediately concluded in his mind, that the object was consistent in shape and density with that of digital pocket scales.

. . . .

14. The information within the knowledge of the officers as to the defendant's involvement in the shooting and in the involvement of dealing in controlled substances had come from multiple sources and was fairly fresh, some having come within a day or two before July 2, 2006 and some as recent as two-four months prior. The last information provided to Detective Hughes as to the defendant's involvement in the illegal sales of drugs was not as old as two months.

As to findings 8 and 14, *Morton I* settled the questions of whether reasonable suspicion existed to pat down defendant and whether the informants were reliable. On the issue of whether Officer Hughes was justified in confiscating the digital scale in finding 10, we have already discussed and concluded *supra* that Officer Hughes did not exceed the scope of the *Terry* stop under the circumstances. This assignment of error is overruled.

## CONCLUSION

On remand from the Supreme Court, we find no error in the jury's verdict finding defendant guilty of possession of drug paraphernalia and possession with intent to sell and deliver cocaine.

No error.

Judges HUNTER, Robert C., and CALABRIA concur.