STATE OF NORTH CAROLINA v. WILLIAM ROGER McLAMB

No. COA06-1319

(Filed 18 September 2007)

**Search and Seizure— probable cause for vehicle stop—officer's mistaken belief about speed limit**

An officer's stop of a motor vehicle based on a mistaken belief that a speeding violation occurred is not objectively reasonable and cannot support probable cause to stop the vehicle. The trial judge in this case correctly granted defendant's motion to suppress evidence of driving while impaired where the sole reason for the stop was the officer's mistaken belief about the speed limit in that area.

Appeal by State of North Carolina from order entered 10 May 2006 by Judge William C. Griffin, Jr., in Hyde County Superior Court. Heard in the Court of Appeals 21 May 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Tharrington Smith, L.L.P., by Michael Crowell and Denise Walker, for defendant-appellee.*

STEELMAN, Judge.

An officer's stop of a motor vehicle based upon a mistaken belief that a speeding violation occurred is not objectively reasonable and cannot support probable cause to stop the vehicle. The trial court correctly concluded that the fruits of such a stop must be suppressed.

While patrolling Ocracoke Island on 16 May 2005, Deputy Matthew Shane Bryan ("Deputy Bryan") observed William Roger McLamb ("defendant") driving a sports utility vehicle around a ninety degree curve at approximately thirty miles per hour. Deputy Bryan believed the speed limit on the road was twenty miles per hour. The road was outside of any municipal limits, and neither the Hyde County Commissioners nor the North Carolina Department of Transportation had taken action to reduce the speed limit from fifty-five miles per hour to twenty miles per hour. There was no ordinance of record setting the speed limit at twenty miles per hour. There is no dispute that the speed limit on the road in question was actually fifty-five miles per hour.

Deputy Bryan stopped defendant and determined that defendant had been driving after having consumed alcohol. He gave defendant a warning ticket for the speeding violation and charged him with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1.

On 1 March 2006, defendant filed a motion to dismiss and a motion to suppress in the Superior Court of Hyde County on the basis that Deputy Bryan did not have "any lawful reasonable suspicion" to stop defendant's vehicle. The motions stated that: (1) Deputy Bryan's sole reason for stopping defendant was for a speeding violation; (2) the speed limit was actually fifty-five miles per hour; and (3) defendant was driving within that speed limit.

Following a hearing on 10 May 2006, the court entered an order allowing defendant's motion to suppress. From this ruling, and pursuant to N.C. Gen. Stat. § 15A-979(c) and 15A-1445(b), the State appeals.

In its sole argument, the State contends that the trial court erred in granting defendant's motion to suppress. We disagree.

Generally, "the scope of appellate review of an order [suppressing evidence] is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (citations omitted). "Where, however, the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, *cert. denied*, 358 N.C. 240, 594 S.E.2d 199 (2004). In the instant case, the State does not challenge any of the trial court's findings of fact. "[A] trial court's conclusions of law regarding whether the officer had reasonable suspicion [or probable cause] to detain a defendant is reviewable *de novo*." *State v. Wilson*, 155 N.C. App. 89, 93-94, 574 S.E.2d 93, 97 (2002) (internal quotation marks and citations omitted). "The trial court's conclusions of law must be legally correct, reflecting a correct application of applicable legal principles to the facts found." *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (internal quotation marks and citations omitted).

The Fourth Amendment of the United States Constitution and Article I, section 20, of the North Carolina Constitution require the

exclusion of evidence obtained by unreasonable searches and seizures. *See State v. Ivey*, 360 N.C. 562, 633 S.E.2d 459, *reh'g denied*, 360 N.C. 655, 636 S.E.2d 573 (2006). "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 135 L. Ed. 2d 89, 95 (1996). An officer must have probable cause to stop a vehicle for a readily observable violation such as speeding. *State v. Wilson*, 155 N.C. App. 89, 94, 574 S.E.2d 93, 97 (2002).

The question presented for our review is whether a mistaken belief by a law enforcement officer that a defendant has violated the speed limit can constitutionally support a stop of the vehicle.

In a similar case involving an officer's mistaken belief that defendant had violated a turn signal law, our Supreme Court held that the justification for a traffic stop must be objectively reasonable. *Ivey*, 360 N.C. 562, 633 S.E.2d 459. In *Ivey*, the defendant was stopped for failing to give a turn signal and thereafter charged with unlawful possession of a firearm. Defendant challenged the legality of the initial stop.

As a predicate to its analysis, the Court stated:

In examining the legality of a traffic stop, the proper inquiry is not the subjective reasoning of the officer, but whether the objective facts support a finding that probable cause existed to stop the defendant. Probable cause exists when there is a fair probability or substantial chance a crime has been committed and that the defendant committed it. Thus, the United States and North Carolina Constitutions require an officer who makes a seizure on the basis of a perceived traffic violation to have probable cause to believe the driver's actions violated a motor vehicle law.

*Id.* at 564, 633 S.E.2d at 460-61 (citations omitted); *see also United States v. McDonald*, 453 F.3d 958, 962 (7th Cir. 2006) (holding that "[a] stop based on a subjective belief that the law has been broken, when no violation actually occurred, is not objectively reasonable.") The Court then examined whether the defendant's failure to signal actually violated the law. Holding that it did not violate traffic laws, the Court concluded that there was no probable cause to stop defendant, that the stop violated defendant's rights under the Fourth Amendment to the United States Constitution, and that the fruits of

the illegal stop must be suppressed. *Ivey*, 360 N.C. at 566, 633 S.E.2d at 462.

United States Courts of Appeals have made similar holdings, which we find persuasive. Most recently, the Seventh Circuit Court of Appeals voiced its agreement "with the majority of circuits . . . that a police officer's mistake of law cannot support probable cause to conduct a [traffic] stop." *McDonald*, 453 F.3d at 961; *accord United States v. DeGasso*, 369 F.3d 1139, 1144-45 (10th Cir. 2004) (finding that an officer's failure to understand the law "is not objectively reasonable" and thus cannot form the justifiable basis for a traffic stop); *United States v. Chanthasouxat*, 342 F.3d 1271, 1279-80 (11th Cir. 2003) (holding that a mistake of law cannot provide reasonable suspicion or probable cause to justify a traffic stop, and noting the fundamental unfairness of applying different standards regarding ignorance of the law to citizens than to police); *United States v. Twilley*, 222 F.3d 1092 (9th Cir. 2000) (finding that traffic stops based upon a mistake of law violate the Fourth Amendment); *United States v. Lopez-Valdez*, 178 F.3d 282 (5th Cir. 1999) (refusing to apply the good faith exception where an officer stopped the defendant for a broken tail light ten years after Texas courts had ruled that such stops were unjustified).

In *Lopez-Valdez*, the Fifth Circuit stated: "[I]f officers are allowed to stop vehicles based upon their subjective belief that traffic laws have been violated even where no such violation has, in fact, occurred, the potential for abuse of traffic infractions as pretext for effecting stops seems boundless and the costs to privacy rights excessive." 178 F.3d at 289.

Based upon *Whren*, *Ivey*, and the reasoning of the many cases cited from the Federal Courts of Appeals, we conclude that the legal justification for Deputy Bryan's stop of defendant's vehicle was not objectively reasonable. Whether the legal justification for Deputy Bryan's traffic stop was subjectively reasonable is irrelevant.

Deputy Bryan's sole reason for stopping defendant was for an alleged speeding violation. The State conceded in oral argument that the speed limit on the road was actually fifty-five miles per hour, and the defendant was driving within the speed limit. Because the legal justification for this traffic stop was not objectively reasonable, we hold that the stop violated defendant's Fourth Amendment rights. To hold otherwise would be to "allow[] [officers] to stop vehicles based upon their subjective belief that traffic laws have been violated even

where no such violation has, in fact, occurred[.]" *Lopez-Valdez*, 178 F.3d at 289.

We affirm the trial court's order granting defendant's motion to suppress.

AFFIRMED.

Chief Judge MARTIN and Judge STEPHENS concur.