STATE v. MALUNDA

[230 N.C. App. 355 (2013)]

———

STATE OF NORTH CAROLINA
v.
JOHN KWAME MALUNDA III

No. COA13-372

Filed 5 November 2013

**Search and Seizure—probable cause—vehicle passenger—no particularized suspicion**

The trial court erred in a possession of cocaine case by concluding the police had probable cause to conduct the warrantless search of defendant's person. Although the officers had probable cause to search the vehicle in which defendant was a passenger when they detected the odor of marijuana on the driver's side of the vehicle, there was insufficient evidence to support the trial court's conclusion that the search of defendant was supported by probable cause particularized with respect to defendant.

Appeal by defendant from judgment entered 27 September 2012 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 24 September 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Constance E. Widenhouse, for defendant appellant.*

McCULLOUGH, Judge.

John Kwame Malunda, III, ("defendant") appeals from his conviction for possession of cocaine on the ground that the trial court erred in

denying his motion to suppress evidence found on his person. For the following reasons, we reverse.

## I. Background

Defendant was arrested on 5 April 2012 and indicted by a Wake County Grand Jury on 6 August 2012 for possession with intent to sell or deliver cocaine. Prior to defendant's case being called for trial, defendant filed a motion to suppress evidence seized during what he alleged was an illegal warrantless search of his person.

Defendant's motion came on for hearing before the Honorable Paul G. Gessner at the 27 September 2012 Criminal Session of Wake County Superior Court. Evidence produced at the hearing tended to show the following: Just after midnight on 5 April 2012, Officer B.A. Brinkley, a member of the gang suppression unit of the Raleigh Police Department, was on patrol when he performed a security check of 1910 Poole Road, a gas station parking lot known for drug activity. Officer Brinkley testified that, as he pulled into the parking lot, a silver vehicle caught his attention because the driver immediately exited the vehicle and entered the gas station, followed by the passenger, later identified as defendant, who turned around 180 degrees, looked towards Officer Brinkley's marked patrol car, and then exited the vehicle and entered the gas station. At that time, Officer Brinkley backed out of the area to observe from afar.

After waiting for the driver and defendant to exit the gas station for approximately five minutes, Officer Brinkley returned to the gas station parking lot. Officer Brinkley testified he briefly lost sight of the parking lot while making his return and the driver and defendant were back in the vehicle upon his arrival. At that time, the vehicle began to pull out of the gas station parking lot. Officer Brinkley testified "[t]he vehicle didn't have its headlights on . . . and it partially pulled out into the roadway. . . . [W]hen the vehicle observed me backing up, the vehicle immediately put it in reverse and erratically parked . . . or attempted to back into a parking spot. It was not well parked." Officer Brinkley believed his marked patrol car caught the driver's attention and the driver was being "extremely evasive." Due to the suspiciousness of the vehicle and the fact that the vehicle began to enter traffic without its headlights on, Officer Brinkley, now joined by Officer Trybulski[1], approached the vehicle. Officer Cooper and Officer Wilkins arrived just after Officer Brinkley and Officer Trybulski approached the vehicle.

---

1. We note that the incident report in the record and the transcript are inconsistent in the spelling of the name of the second officer on the scene. For purposes of this appeal, we refer to the second officer on the scene as "Officer Trybulski."

Officer Brinkley initially approached the passenger side of the vehicle and spoke with defendant. Officer Brinkley testified defendant immediately identified himself as John but failed to immediately produce identification. Officer Cooper informed Officer Brinkley that he was familiar with defendant as a result of defendant's prior drug activity.

Officer Brinkley testified there was an open container of alcohol in the vehicle near defendant and "[t]hroughout the encounter [defendant] appeared very, very nervous[.]" Specifically, Officer Brinkley recounted that he could see defendant's heart beating rapidly through his shirt and defendant was breathing heavily. Officer Brinkley testified that, "[d]ue to the nervousness, the high drug area, the open container in the vehicle, and other officers arrived on scene, [defendant] was escorted out of the vehicle." Upon exit, defendant was frisked for weapons. No weapons were found. Officer Brinkley then asked defendant to sit on the curb. When defendant refused, he was detained and sat on the curb for officer safety reasons.

Officer Trybulski and Officer Wilkins approached the driver side of the vehicle and noticed a strong odor of marijuana. Officer Brinkley testified he also observed the odor of marijuana on the driver side of the vehicle, but did not observe the odor on the passenger side. As a result of the odor, the driver was removed from the vehicle and a warrantless search of the vehicle was performed. Marijuana was found in the driver side door. A warrantless search of defendant was then performed. During the search, Officer Cooper found a small brown plastic bag in defendant's pocket. The bag contained ten smaller bags, eight of which appeared to contain crack cocaine and two of which appeared to contain powder cocaine. Defendant also had $275 dollars in his wallet.

At the conclusion of the suppression hearing, the trial court found there was probable cause for police to conduct the warrantless search of defendant and denied defendant's motion to suppress. Defendant then entered a plea of guilty to the reduced charge of possession of cocaine, reserving the right to appeal the denial of his motion to suppress. Following defendant's plea, judgment was entered sentencing defendant to a term of six to seventeen months imprisonment with the sentence suspended on condition that defendant complete twenty four months of supervised probation. Defendant filed notice of appeal from his conviction on 31 September 2012 and now challenges the denial of his motion to suppress.

## II. Discussion

"An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a

judgment entered upon a plea of guilty." N.C. Gen. Stat. § 15A-979(b) (2011). Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

At the outset of our analysis, we note that the trial court did not issue findings of fact or conclusions of law as required by statute. *See* N.C. Gen. Stat. § 15A-977(f) (2011) ("The judge must set forth in the record his findings of facts and conclusions of law."). Instead the trial court announced the denial of the defendant's motion to suppress in open court and requested that the State "prepare an order with the appropriate findings of fact and conclusions of law." Despite the trial court's request, no such order appears in the record.

Notwithstanding, where defendant does not argue the lack of a written order as a basis for relief and acknowledges in his reply brief that it is not an issue on appeal, we do not reach the issue. *See* N.C.R. App. P. 28(a) (2013) ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned."); *see also State v. Watkins*, __ N.C. APP. __, __, 725 S.E.2d 400, 403 (2012) and *State v. McCain*, 212 N.C. App. 157, 165 n. 3, 713 S.E.2d 21, 27 n. 3 (2011) (both citing N.C. R. App. P. 28(a) and declining to address the lack of a written order denying the defendants' motions to suppress where the defendants did not raise the issue on appeal). Furthermore, the trial court does not err in failing to issue specific findings of fact where there is no material conflict in the evidence. *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980). In this case, defendant does not challenge the evidence. Rather, defendant argues the trial court erred as a matter of law in denying his motion to suppress.

"The Fourth Amendment of the United States Constitution and Article I, Section 20 of the North Carolina Constitution prohibit unreasonable searches and seizures." *State v. Downing*, 169 N.C. App. 790, 794, 613 S.E.2d 35, 38 (2005). "The same provisions 'require the exclusion of evidence obtained by unreasonable searches and seizures.'" *State v. Smith*, __ N.C. App. __, __, 729 S.E.2d 120, 122 (2012) (quoting *State v. McLamb*, 186 N.C. App. 124, 125–26, 649 S.E.2d 902, 903 (2007)). "Searches conducted without a warrant are '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" *State*

*v. Cline*, 205 N.C. App. 676, 679, 696 S.E.2d 554, 556 (2010) (quoting *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585 (1967)). However, "[a] warrantless search is lawful if probable cause exists to search and the exigencies of the situation make search without a warrant necessary." *State v. Mills*, 104 N.C. App. 724, 730, 411 S.E.2d 193, 196 (1991) (citing *State v. Allison*, 298 N.C. 135, 141, 257 S.E.2d 417, 421 (1979)).

Defendant's sole argument on appeal is that the trial court erred in concluding the police had probable cause to conduct the warrantless search of his person.[2] We agree.

"Probable cause has been defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *State v. Yates*, 162 N.C. App. 118, 122, 589 S.E.2d 902, 904 (2004) (internal quotation marks omitted). "This Court has determined that probable cause to search exists when a reasonable person acting in good faith could reasonably believe that a search of the defendant would reveal the controlled substances sought which would aid in his conviction." *State v. Pittman*, 111 N.C. App. 808, 813, 433 S.E.2d 822, 825 (1993) (internal quotation marks omitted). We hold the evidence in this case supports a finding of a reasonable suspicion, but does not amount to probable cause to conduct a search of defendant's person.

Both our Supreme Court and this Court have held "the odor of marijuana to be sufficient to establish probable cause to search for the contraband drug in an automobile." *Yates*, 162 N.C. App. at 122, 589 S.E.2d at 904 (citing *State v. Greenwood*, 301 N.C. 705, 708, 273 S.E.2d 438, 441 (1981)). Thus, the officers in this case had probable cause to search the vehicle when they detected the odor of marijuana on the driver side of the vehicle. Probable cause to search a vehicle does not, however, amount to probable cause to search a passenger in the vehicle. *See United States v. Di Re*, 332 U.S. 581, 587, 92 L. Ed. 210, 216 (1948) (declining to expand the ruling in *Carroll v. United States*, 267 U.S. 132, 280, 69 L.Ed. 543 (1924), to justify warrantless searches of persons incident to the search of a vehicle based on "mere presence in a suspected car[.]").

> Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search

2. On appeal, defendant does not challenge the initial stop, the frisk of his person for weapons, or the search of the vehicle.

or seize another or to search the premises where the person may happen to be.

*Ybarra v. Illinois*, 444 U.S. 85, 91, 62 L. Ed. 2d 238, 245 (1979). As subsequently noted by the Supreme Court, the decisions in *Di Re* and *Ybarra* "turned on the unique, significantly heightened protection afforded against searches of one's person." *Wyoming v. Houghton*, 526 U.S. 295, 303, 143 L. Ed. 2d 408, 417 (1999).

Upon review of the record in this case, we find insufficient evidence to support the trial court's conclusion that the search of defendant's person was supported by probable cause particularized with respect to defendant. The officers detected the odor of marijuana on the driver side of the vehicle. The officers then conducted a warrantless search of the vehicle and discovered marijuana in the driver side door. Yet, Officer Brinkley testified that he did not notice an odor of marijuana on the passenger side of the vehicle or on defendant. Considering the evidence, there was nothing linking the marijuana to defendant besides his presence in the vehicle. Moreover, there is not a reasonable inference of common enterprise in this case where the marijuana was found in the driver side door. Therefore, *Maryland v. Pringle*, 540 U.S. 366, 373-74, 157 L. Ed. 2d 769, 776-77 (2003) (holding there was probable cause to arrest a front seat passenger of a vehicle for possession of controlled substance found behind the rear seat because the quantity of drugs and cash in the vehicle indicated drug dealing and a reasonable inference of a common enterprise), is not controlling. Lastly, none of the other circumstances, including defendant's location in an area known for drug activity, defendant's prior criminal history, defendant's nervousness, defendant's failure to immediately produce identification, or the infraction of possessing an open container of alcohol in a motor vehicle, a noncriminal violation pursuant to N.C. Gen. Stat. § 20-138.7(e) (2011) and N.C. Gen. Stat. § 14-3.1 (2011), when considered separately or in combination, amount to probable cause to search defendant's person. They merely provide reasonable suspicion.

### III. Conclusion

For the reasons discussed above, we hold the trial court erred in concluding there was probable cause to conduct a warrantless search of defendant's person. Therefore, we reverse the trial court's denial of defendant's motion to suppress and vacate defendant's conviction for possession of cocaine.

Reversed and vacated.

Judges McGEE and DILLON concur.